IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SAMUEL K BADDU BAFO,              §
                                  §
                    Plaintiff,    §
                                  §
VS.                               §      Civil Action No. 3:25-CV-2530-D
                                  §
PROGRESSIVE COUNTY MUTUAL         §
INSURANCE COMPANY,                §
                                  §
                    Defendant.    §

MEMORANDUM OPINION
AND ORDER

In this removed action arising from a motor vehicle collision, defendant National

Continental Insurance Company ("NCIC")[1] moves to dismiss under Fed. R. Civ. P. 12(b)(6)

and 12(c) and for summary judgment under Rule 56(a).  For the reasons that follow, the court

grants NCIC's motion and dismisses this action in part with prejudice and in part without

prejudice by judgment filed today.

I

On June 6, 2022 plaintiff Samuel K. Baddu Bafo ("Bafo") was involved in a multi-

vehicle collision with non-party J&L Trucking Transport, LLC ("J&L").[2]  At the time of the

---

[1]NCIC was improperly named in the original petition as "Progressive County Mutual Insurance Company."

[2]In deciding NCIC's summary judgment motion, the court views the evidence in the light most favorable to Bafo as the summary judgment nonmovant and draws all reasonable inferences in his favor.  *See, e.g.*, *Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

collision, J&L was insured under a policy of insurance issued by NCIC ("Policy").  Bafo

reported the incident to NCIC and submitted a claim under the Policy.

In a letter dated October 26, 2022, NCIC informed Bafo that it had found evidence

of liability on the part of J&L and that it had therefore "accepted liability."  P. App. (ECF

No. 17) at Ex. A.[3]  NCIC then explained that it was

> working to gather all injuries and damages, both property and
> bodily, from all parties involved.  *No settlement offers will be
> made until all damages are gathered from all parties.*  Once all
> damages are gathered, we will evaluate each claim on a pro rata
> basis and work to settle each claim fairly within the liability
> limit. . . . If [you have] not already done so, please provide all
> documentation regarding damages to our office.

*Id.* (emphasis added).

On January 2, 2023 Bafo submitted a demand package with his supporting medical

reports and bills.  NCIC responded on January 4, 2023:

> Thank you for sending this demand package.  As you are aware,
> we are still attempting to confirm all damages among the
> multiple parties presenting claim for this loss.  We are unable to
> resolve any of the claims until all damages are confirmed due to
> a potential limits issue.

*Id.* at Ex. B.  This lawsuit followed.

On August 26, 2025 Bafo sued NCIC in state court, alleging claims under Texas law

for violation of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"),

---

[3]Bafo's appendix does not comply with the requirements of N.D. Tex. Civ. R. 56.6(b)(3), which requires that each page of the appendix be sequentially numbered. Accordingly, the court will refer to citations in Bafo's appendix by exhibit letter.

promissory estoppel, and breach of the duty of good faith and fair dealing.  NCIC removed the case to this court and now moves to dismiss under Rules 12(b)(6) and 12(c) and for summary judgment under Rule 56(a).  Bafo opposes the motion, which the court is deciding on the briefs, without oral argument.

II

The court begins by addressing NCIC's argument that Bafo lacks standing to bring a direct action against NCIC.[4]

A

Under Texas law, it is well established that "a party injured by the insured is a third party beneficiary of a liability insurance policy.  However, he cannot enforce the policy directly against the insurer until it has been established, by judgment or agreement, that the insured has a legal obligation to pay damages to the injured party."  *State Farm Cnty. Mut. Ins. Co. v. Ollis*, 768 S.W.2d 722, 723 (Tex. 1989) (per curiam); *see also, e.g.*, *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 801 (Tex. 1992) ("[A] third party's right of action against the insurer does not arise until he has secured . . . an agreement or a judgment against the insured." (quoting *Great Am. Ins. Co. v. Murray*, 437 S.W.2d 264, 265-66 (Tex. 1969))).  Texas courts have characterized this so-called "no direct action rule" as presenting a

---

[4]NCIC appears to bring this ground of its motion under Rules 12(b)(6) and 12(c).  Because an Article III standing challenge should be brought under Rule 12(b)(1), *see, e.g.*, *Mary Kay Inc. v. Reibel*, 2018 WL 2984865, at *1 (N.D. Tex. June 14, 2018) (Fitzwater, J.), the court will construe NCIC's motion as if it were properly filed under Rule 12(b)(1), *see id.* (explaining that Article III standing challenge is properly brought under Rule 12(b)(1) and construing Rule 12(b)(6) motion as Rule 12(b)(1) motion).

"standing or ripeness issue [that] implicates a trial court's subject matter jurisdiction." *Medrano v. Tafoya*, 2022 WL 3638233, at *3 (Tex. App. Aug. 24, 2022, no pet.) (mem. op.) (citations omitted); *see also Cent. Tex. Highway Constructors, LLC v. Hudson Specialty Ins. Co.*, 2025 WL 438385, at *3 (N.D. Tex. Feb. 7, 2025) (Boyle, J.) ("For a plaintiff to have standing to directly sue a defendant's liability insurer, Texas's 'no direct action rule' requires that the defendant's liability to the plaintiff is finally established." (citing *In re Essex Ins. Co.*, 450 S.W.3d 524, 526 (Tex. 2014))).  As the party seeking to invoke this court's jurisdiction, Bafo bears the burden of establishing standing according to the degree of evidence required at the pleading stage of litigation. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

B

To the extent that Bafo is attempting through this lawsuit to enforce the Policy directly against NCIC, the court holds that Bafo lacks standing under the no direct action rule.  No judgment has been entered with respect to J&L's liability.  And NCIC did *not* agree in the October 26, 2022 letter, which Bafo characterizes as a "settlement agreement," that J&L is in fact liable to Bafo for his injuries.  *See, e.g.*, *In re Essex Ins. Co.*, 450 S.W.3d at 526 (holding that third party's "claims against [insurance company] must fail unless [insured] is in fact liable to [third party] for his injuries."); *MacKenzie v. Farmers Tex. Cnty. Mut. Ins. Co.*, 2022 WL 951028, at *6 (Tex. App. Mar. 30, 2022, pet. denied) (mem. op.) ("MacKenzie did not allege and presented no summary judgment evidence of a written agreement by [insurer] that [insured] had an obligation to pay damages.  MacKenzie's statement that a third

- 4 -

party represented to him that [insurer] agreed to accept liability fails to raise a genuine issue of material fact . . . that [insurer] agree[d] in writing that [insured] had an obligation to pay.").  At most, NCIC agreed that it would accept liability; it has not agreed that J&L has a legal obligation to pay damages to Bafo.

Accordingly, to the extent that Bafo seeks to enforce the Policy against NCIC, the court dismisses his claims under Rule 12(b)(1), without prejudice, for lack of standing.

### III

To the extent that Bafo is pursuing extra-contractual claims against NCIC—i.e., for violation of the DTPA, promissory estoppel, and breach of the duty of good faith and fair dealing—the court grants NCIC's motion for summary judgment on these claims.

### A

When a party moves for summary judgment on a claim on which the opposing party will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the nonmovant's claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party does so, the nonmovant must go beyond its pleadings and designate specific facts showing there is a genuine issue for trial.  *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the nonmovant's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The nonmovant's failure to produce proof as to any essential element of a claim renders all other facts immaterial.  *See TruGreen*

- 5 -

*Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if the nonmovant fails to meet this burden. *Little*, 37 F.3d at 1076.

B

NCIC is entitled to summary judgment on Bafo's claims for violation of the DTPA and breach of the duty of good faith and fair dealing. This is because it is clearly established under Texas law that a third-party tort claimant has no direct cause of action for extra-contractual liability against a liability insurer at common law or under the DTPA. *See, e.g.*, *Tex. Farmers Ins. Co. v. Soriano*, 881 S.W.2d 312, 317 (Tex. 1994) (Texas law "has never recognized a cause of action for breach of the duty of good faith and fair dealing where the insurer fails to settle third-party claims against its insured."); *Allstate Ins. Co. v. Watson*, 876 S.W.2d 145, 149 (Tex. 1994) (holding that third-party liability claimant cannot maintain direct action against defendant's liability insurer under DTPA); *see also Transp. Ins. Co. v. Faircloth*, 898 S.W.2d 269, 273-74 (Tex. 1995) (party whose only relationship to insurance policy is seeking policy proceeds is not "consumer" under the DTPA).

C

NCIC is also entitled to summary judgment on Bafo's promisory estoppel claim.

1

"Under Texas law, the elements of promissory estoppel are: (1) a promise, (2) foreseeability of reliance on the promise by the promisor, and (3) substantial detrimental reliance by the [promisee]." *Miller v. KFC Corp.*, 1999 WL 820389, at *2 (N.D. Tex. Oct.

- 6 -

13, 1999) (Fitzwater, J.) (citing *Clardy Mfg. Co. v. Marine Midland Bus. Loans Inc.*, 88 F.3d

347, 360 (5th Cir. 1996) (Texas law); *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983)).

2

NCIC moves for summary judgment on Bafo's promissory estoppel claim, contending

that Bafo did not protect his claim against J&L by filing suit against it within the limitations

period; that, in an attempt to remedy this failure, Bafo "makes baseless claims against

[NCIC] for supposed 'misrepresentation,'" D. Br. (ECF No. 15) at 7; that Bafo's claims

revolve around an alleged agreement between Bafo and NCIC that Bafo's claim would be

settled once all claims have been filed; that "[a]t no point did [Bafo] and NCIC agree to a

settlement of [Bafo]'s claim or that the statute of limitations for his claims were waived or

extended," *id*. at 8; and that "there was no misrepresentation that [Bafo] could have relied

upon to warrant [Bafo]'s claims against [NCIC]," *id*.

The entirety of Bafo's response is as follows:

> Plaintiff alleged NCIC promised to pay the claim. Plaintiff
> relied on this by forgoing other legal remedies and completing
> medical treatments based on the assurance of coverage. This is
> a classic "detrimental reliance" scenario that creates a cause of
> action separate from the insurance policy itself.

P. Br. (ECF No. 17) at 2.

3

As a preliminary matter, the court notes that Bafo's conclusory allegations, which

reference the pleading standard under 12(b)(6) and contain no citations to the summary

judgment record, are insufficient to withstand NCIC's motion. *See, e.g.*, *Ramsey v.*

*Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) ("'[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy' the nonmovant's burden in a motion for summary judgment." (quoting *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc))).  Assuming *arguendo* that Bafo intended to rely on NCIC's October 26, 2022 letter as evidence that NCIC "promised to pay the claim," a reasonable jury could not find, based on this letter, that NCIC made a promise to Bafo.  NCIC's statement that it "has accepted liability" is not a promise to pay.  In fact, NCIC expressly stated in the October 26, 2022 letter that "[n]o *settlement offers will be made* until all damages are gathered from all parties."  P. Br. (ECF No. 17) at Ex. A (emphasis added).  It further explained that "[o]nce all damages are gathered, we will evaluate each claim on a pro rata basis and work to settle each claim fairly within the liability limit."  *Id.*  Because Bafo has not presented any other evidence of a promise on which it detrimentally relied, the court grants NCIC's motion for summary judgment on his promissory estoppel claim.

*   *   *

Accordingly, for the reasons explained, the court dismisses Bafo's claim for Policy benefits without prejudice under Rule 12(b)(1) and grants NCIC's motion for summary judgment with respect to Bafo's extra-contractual claims.  This action is dismissed by

- 8 -

judgment filed today.

> **SO ORDERED**.

April 1, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE